UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 3:13cr00119 |
| ) | JUDGE ALETA A. TRAUGER |
| [2] WILLIAM WORTHY, ) | |
| ) | |
| Defendant. ) | |

**CONSENT ORDER OF MONEY JUDGMENTS IN THE AMOUNT OF
$6,524,888.86 ON COUNTS ONE AND EIGHTEEN**

Based on the representations and agreements of the Government and Defendant William Madison Worthy II at the plea hearing in this matter and as evidenced by the Plea Agreement entered into between the parties, and the consent of the defendant, the Court finds as follows:

**WHEREAS,** on June 26, 2014, the Government filed a Fifty-Seven Count Indictment charging Defendant, in pertinent part, at Count One with a violation of 18 U.S.C. § 371 (conspiracy to commit violations of 18 U.S.C. § 1341(wire fraud), 18 U.S.C. § 1343 (mail fraud), 18 U.S.C. § 669 (theft or embezzlement in connection with health care) and 18 U.S.C. § 1957 (money laundering)) and at Count Eighteen with a violation of 18 U.S.C. § 1343 (wire fraud).

**WHEREAS,** Forfeiture Allegation One of the Indictment gave notice pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) that upon conviction of the conspiracy alleged in Count One, Defendant shall jointly and severally forfeit any property, real or personal, which constitutes or is derived from gross proceeds traceable to the conspiracy to commit a violation of, in pertinent part, 18, United States Code, Section 1343 (wire fraud), including but not limited to a money judgment in the amount of at least $28,000,000 United States currency representing

the amount of gross proceeds obtained from the violation of 18 U.S.C. § 371 (conspiracy) to commit, in pertinent part, wire fraud in violation of 18 U.S.C. § 1343.

**WHEREAS,** Forfeiture Allegation Three of the Indictment gave notice pursuant to 18 U.S.C. § 982(a)(7) that upon conviction of Count Eighteen, Defendant shall jointly and severally forfeit any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the scheme or artifice to defraud said violation including but not limited to a money judgment in the amount of at least $28,000,000 United States currency, representing the amount of gross proceeds obtained, in pertinent part, from the violation of Title 18, United States Code, Section 1343 (wire fraud).[1]

**WHEREAS,** Defendant has entered into a Plea Agreement with the United States wherein he has pled guilty to Counts One and Eighteen of the Indictment;

**WHEREAS,** the parties have stipulated, as memorialized in the Plea Agreement, to a loss amount of $6,524,888.86 as this amount constitutes or is derived from gross proceeds traceable to the violations charged in Counts One and Eighteen of the Indictment;

---

[1] In addition to providing notice of the United States intent to seek $28,000,000 Money Judgments upon conviction of Counts One and Eighteen of the Indictment, Forfeiture Allegations One and Three also gave notice that upon conviction of Counts One and Eighteen, the United States would seek forfeiture of the following specific assets, more fully described in the Indictment in this matter:

> 2010 Chevrolet Camaro 2SS Coupe; 2005 Harley Davidson Road King Motorcycle; and Four Real Properties, each commonly known as 814 Pitt Avenue, Springfield, Robertson County, Tennessee, 4676 Highway 41 North, Springfield, Robertson County, Tennessee; 209 New Chapel Road, Springfield, Robertson County, Tennessee and 204 Lawrence Lane, Springfield, Robertson County, Tennessee.

Approval for disposition of the above specific assets will be sought in a separate motion filed simultaneously herewith.

**WHEREAS,** Defendant agreed, in the Plea Agreement, to the entry of an order of forfeiture consisting of money judgments in the amount of $6,524,888.86 on Counts One and Eighteen, in that $6,524,888.86 is subject to forfeiture because it constitutes or is derived from gross proceeds traceable to the violations charged in Counts One and Eighteen of the Indictment, and further agrees to be jointly and severally liable with any co-defendants who may be sentenced to forfeiture for said amount;

**WHEREAS,** the Court accepted the Defendant's Plea of "Guilty" and the Plea Agreement;

**WHEREAS,** Defendant via his Plea Agreement, acknowledges that as a result of his own act(s) or omission(s), the $6,524,888.86 in gross proceeds traceable to the violations charged in Counts One and Eighteen of the Indictment, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p) the United States is entitled to forfeiture of substitute property in the amount of proceeds of the crime and Defendant further agreed to the forfeiture of substitute assets;

**WHEREAS,** Defendant and the United States agree, via the Plea Agreement entered into in this matter, that any payment voluntarily made toward the restitution will reduce the money judgments accordingly;

**WHEREAS,** Defendant has agreed to cooperate fully and to execute any supplementary documents and to take any additional actions that may be necessary or appropriate to locate any substitute assets;

3

**WHEREAS,** Defendant authorizes the United States Probation and Pretrial Services Office to release of the Presentence Investigative Report, all financial documents pertaining to Defendant to the Asset Forfeiture Unit of the United States Attorney's Office for the Middle District of Tennessee; and

**WHEREAS,** Defendant via his Plea Agreement has authorized the release of his financial statement submitted to the court, and the release by the Internal Revenue Service of his tax returns for the period of 2008 through 2014.

Now, therefore, based upon the signed Plea Agreement, this Court makes the following findings:

1. There is a preponderance of the evidence that the proceeds of the scheme to defraud as set forth in the offense to which Defendant has pled guilty in this matter are $6,524,888.86.

2. $6,524,888.86 is subject to forfeiture because these funds were obtained directly or indirectly as a result of the scheme or artifice to defraud as charged in Count One of the Indictment, and which constitutes or is derived from proceeds traceable to each violation.

3. As a result of Defendant's act(s) or omission(s), the $6,524,888.86 in proceeds obtained as a result of the scheme or artifice to defraud to which Defendant has pled guilty, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), the United States is entitled to forfeiture of substitute property up to $6,524,888.86.

NOW THEREFORE it is hereby **ORDERED, ADJUDGED AND DECREED** that:

A. A Consent Order of Forfeiture Consisting of $6,524,888.86 Money Judgments as to Count One and to Count Eighteen ("Order of Forfeiture") is hereby taken against Defendant William Worthy. Pursuant to Federal Rule of Criminal Procedure, Rule 32.2(b)(4), the Order of Forfeiture consist shall become immediately final as to the defendant, by his consent, and shall be made part of the sentence and included in the Judgment. Pursuant to Rule 32.2(c)(1), ". . . no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

B. The United States may engage in discovery, without further application to the Court, in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action or claim for a debt to identify additional substitute assets having a value up to $6,524,888.86 as authorized by 28 U.S.C. §§ 3001(a)(1) and 3015 *et seq.*, and in the manner authorized by 21 U.S.C. § 853(m), and the Federal Rules of Criminal Procedure, Rule 15 and 32.2(b)(3), to facilitate the identification and location of property declared forfeited and to facilitate the disposition of petitions for remission or mitigation.

C. The United States Probation and Pretrial Services will provide the Defendant's Presentence Report and all supporting documentation to the Asset Forfeiture Unit of the United States Attorney Office for use in discovery.

D. The Defendant will provide the Defendant's Tax Returns for the years 2008 and 2014 to the Asset Forfeiture Unit of the United States Attorney's Office for use in discovery.

E. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Consent Order of Forfeiture consisting of $6,524,888.86 Money Judgments as to Count One and Count Eighteen to include substitute property having a value not to exceed in total $6,524,888.86 United States currency to satisfy the Money Judgments in whole or in part.

5

F. Upon payment of either Money Judgment in full, the United States shall file a satisfaction of judgment with the District Court as to both Money Judgments and the appropriate clerk of the county in which any transcript or abstracts of the judgments have been filed.

G. Any voluntary payment or asset found with cooperation of the defendant will serve to reduce both Money Judgments as well as the restitution owed in this matter.

H. Insofar as the Order of Forfeiture is not satisfied, and a sum of money is still owed, then Defendant shall remain personally liable pursuant to this Order of Forfeiture, which will continue in full effect until payment of the total amount of $6,524,888.86 plus statutory interest is made in full as to either money judgment.

I. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this 26th day of February, 2016.

_____
Aleta A. Trauger
United States District Judge

Approved for Entry:

_____
William J. Steed III
Attorney for Defendant William Worthy

_____
Jonathan P. Farmer
Attorney for Defendant William Worthy

_____
Sandra G. Moses
Assistant United States Attorney